IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THOMAS H. CLAY | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-19 |
| JANIS HANSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Thomas H. Clay, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled lawsuit. This lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

This court's General Order 94-6 provides, in part, as follows:

The Eastern District of Texas will honor the sanctions imposed by another federal district court in this State. Preclusion orders entered in another district will be enforced in this district according to the terms specified in the order. This Court will duly observe and enforce any and all sanctions imposed by another United States District Court in Texas involving inmates who file pleadings in this district.

The United States District Court for the Southern District of Texas sanctioned Plaintiff with a preclusion order that bars him from filing any new civil action until the full filing fee for that action has been paid. *Clay v. Zeon*, Civil Action No. 4:14cv57 (S.D. Tex. 2014). The docket sheet in Plaintiff's prior case does not reflect any payments. As this court recognizes sanctions imposed by other district courts in Texas, and as Plaintiff has not satisfied the sanction imposed by the

Southern District, this case should be dismissed without prejudice pursuant to the sanction previously imposed.[1]

### Recommendation

This lawsuit should be dismissed without prejudice pursuant to the sanction imposed by the United States District Court for the Southern District of Texas.

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to timely file specific written objections to the proposed findings of facts, conclusions of law and recommendations contained herein within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 31st day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[1] The United States Court of Appeals for the Fifth Circuit has held that it is not an abuse of discretion for a district court to dismiss a lawsuit pursuant to a sanction order entered by another district court. *Balawajder v. Scott*, 160 F.3d 1066, 1068 (5th Cir. 1998). Moreover, the Fifth Circuit has upheld the dismissal of a lawsuit pursuant to General Prder 94-6 in accordance with sanctions imposed by the United States District Court for the Southern District of Texas. *Murphy v. Scott*, 56 F.3d 1385 (5th Cir. 1995) (unpublished table decision). While *Hunt* is unpublished, as the decision was issued prior to January 1, 1996, it constitutes binding precedent under Fifth Circuit Local Rule 47.5.4. *United States v. Duran*, 934 F.3d 407, 412 n.1 (5th Cir. 2019).