**UNITED STATES DISTRICT COURT**                    **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| THOMAS H. CLAY, | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 9:20-CV-19 |
| | § | |
| JANIS HANSON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Thomas H. Clay, proceeding *pro se*, filed the above-styled civil rights lawsuit against several defendants.  The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court.  The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this case be dismissed without prejudice pursuant to sanctions imposed by the United States District Court for the Southern District of Texas.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence.  Plaintiff filed objections to the magistrate judge's Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

In recommending dismissal, the magistrate judge relied on: (1) this court's General Order 94-6, which provides that this court honors sanctions imposed by other federal district courts in Texas and (2) an order entered by the Southern District in *Clay v. Zeon*, Civil Action No. 4:14cv57 (S.D. Tex. 2014), which barred plaintiff from filing any new civil action until he paid the full filing fee for that action.  Plaintiff does not contend he has paid the full filing fee for the case he filed in the Southern District.

In his objections, plaintiff asserts he should be permitted to proceed with this matter because he is subject to an imminent risk of serious physical harm.  He also asserts that General Order 94-6 is in conflict with 28 U.S.C. § 1915(g).

The Southern District's order barred plaintiff from future filings until the entire filing fee was paid.  There was no exception for the situation in which plaintiff was subject to an imminent risk of serious ham.  As a result, the fact that plaintiff may have been subject to an imminent risk of serious harm does not allow him to avoid the order entered in *Clay v. Zeon*.

Title 28 U.S.C. § 1915(g) prohibits a litigant from proceeding with a lawsuit on an *in forma pauperis* basis if three or more cases or appeals were previously dismissed as frivolous or for failure to state a claim.  Section 1915(g) contains an exception for when the litigant is under imminent danger of serious physical injury.  Plaintiff states that as the Southern District's order, as applied  through General Order 94-6, contains no such exception, the order is in conflict with Section 1915(g).

Section 1915(g) is part of the Prison Litigation Reform Act ("PLRA") which was enacted on April  26, 1996.  *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).  Since that date, the United States Court of Appeals for the Fifth Circuit has affirmed dismissals pursuant to General Order 94-6.  *Lauer v. Quarterman*, 197 F. App'x 307 (5th Cir. 2006); *Dominguez v. Scott*, 265 F.3d 1058 (5th Cir.  2001) (unpublished table decision).  The Fifth Circuit has also affirmed a dismissal based on a policy adopted by the Southern District to enforce sanctions imposed by other federal district courts in Texas.  *Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1999)

In addition, in *Murphy v. Scott*, 56 F.3d 1385 (5th Cir. 1995) (unpublished table decision), a case decided before the PLRA was enacted, the Fifth Circuit considered a preclusion order which provided that a litigant could not file a new case before paying a sanction.  The plaintiff argued that as he was indigent, and enforcing the preclusion order would deny him access to the courts.   The Fifth Circuit disagreed, concluding that the preclusion order was worth upholding.

2

Plaintiff has not cited any Fifth Circuit cases holding that a preclusion order may not be enforced against a litigant who contends he is in imminent danger of serious harm.  The cases cited above indicate the Fifth Circuit finds preclusion orders worthy of enforcement and would uphold a dismissal of a lawsuit pursuant to a preclusion order even if an allegation of imminent danger was made.  As a result, the court cannot conclude General Order 94-6 is in conflict with Section 1915(g).

**ORDER**

Accordingly, the objections filed by plaintiff in this matter (#83) are **OVERRULED**.  The findings of fact and conclusions of law set forth in the report of the magistrate judge (#82) are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 20th day of January, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE